UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| RALPH ANDERSON, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Cause No. 1:14-cv-00129-SLC |
| DEPARTMENT OF VETERANS | ) |
| AFFAIRS, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

Before the Court is Defendants' fully-briefed motion *in limine*. (DE 61; DE 63; DE 69). Defendants seek to exclude evidence and testimony of: (1) Defendant's, the Department of Veteran Affairs (the "VA"), 2010 settlement of discrimination claim filed by Dwight Loveless ("Loveless"); (2) the VA's internal posting of an air-conditioning mechanic vacancy in 2015; (3) Plaintiff's, Ralph Anderson, Jr. ("Anderson"), alleged front pay and back pay damages; and (4) punitive damages. For the reasons stated below, Defendants' motion will be GRANTED IN PART.

Also before the Court is Anderson's motion *in limine* (DE 58; DE 59), seeking to exclude evidence related to the Equal Employment Opportunity Commission's final decision on his 2009 complaint, and Defendants' response (DE 66). For the reasons stated below, Anderson's motion will be GRANTED.

### I. NATURE OF AN ORDER *IN LIMINE*

"Federal district courts have the power to exclude evidence *in limine* pursuant to their authority to manage trials." *Dartey v. Ford Motor Co.*, 104 F. Supp. 2d 1017, 1020 (N.D. Ind.

2000) (citation omitted). "A court's rulings in limine are preliminary in nature and subject to change." *Zander v. Orlich*, No. 2:14-CV-400-PRC, 2017 WL 2972452, at *1 (N.D. Ind. July 12, 2017); *see United States v. Connelly*, 874 F.2d 412, 416 (7th Cir. 1989) (emphasizing that an order either granting or denying a motion in limine is "a preliminary decision . . . subject to change based upon the court's exposure to the evidence at trial"). Indeed, the Seventh Circuit Court of Appeals has noted that rulings on motions *in limine* may change "when the case unfolds, particularly if the actual testimony differs from what was contained in the proffer." *Connelly*, 874 F.2d at 416 ("[E]ven if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous *in limine* ruling.").

"Denial of a motion in limine does not necessarily mean that all evidence contemplated by the motion will be admitted at trial." *Hawthorne Partners v. AT & T Techs., Inc.*, 831 F. Supp. 1398, 1401 (N.D. Ill. 1993). Instead, an "order on a motion in limine is essentially an advisory opinion, merely speculative in effect." *Watts v. Schuh*, No. 1:12-CV-137, 2014 WL 1259946, at *1 (N.D. Ind. Mar. 26, 2014) (citations and internal quotation marks omitted).

## II. DEFENDANTS' MOTION IN LIMINE

### A. Evidence of Loveless's Settlement

Defendants argue that the Court should exclude evidence and testimony regarding Loveless and his settlement of a global claim of discrimination, including age discrimination, in 2010, because Loveless was not similarly situated to Anderson. Loveless, a Caucasian employed by the VA as a housekeeper, received a permanent air-conditioning mechanic position in his 2010 settlement, while Anderson received a two-year air-conditioning mechanic position in the settlement of his 2009 discrimination claim.

"Employees are considered to be similarly situated for employment discrimination claims when they are directly comparable in all material respects." *Gage. v. Metro. Water Reclamation Dist. of Greater Chi.*, 365 F. Supp. 2d 919, 934 (N.D. Ill. 2005); *see Monroe v. Ind. Dep't of Transp.*, 871 F.3d 495, 507 (7th Cir. 2017) ("Generally, a plaintiff must show that his comparators dealt with the same supervisor, were subject to the same standards and had engaged in similar conduct without such differentiating or mitigating circumstances as would distinguish their conduct or the employer's treatment of them." (citation and quotation marks omitted)).

Anderson argues that he and Loveless were similarly situated because they "both filed discrimination complaints within one (1) year of each other" and "Brian Flynn approved both settlements." (DE 63 at 2). But Anderson does not dispute Defendants' observation that the decision makers in Anderson's 2009 settlement agreement and Loveless's 2010 settlement agreement were different people. Nor does Anderson dispute Defendants' point that while Flynn, the VA's human resources manager, did approve both settlements, his role was merely clerical in that he simply filled out paperwork after the agreement had been made and did not participate in the decision-making process. Moreover, Flynn had retired by 2012 (DE 59 at 3), so he was not involved in deselecting Anderson in 2012, which is the adverse employment action at issue in this case. Nor does Anderson suggest, much less point to evidence, that Loveless and Anderson dealt with the same supervisor, were subject to the same standards, or were comparable in all material respects. *See, e.g.*, *Gage*, 365 F. Supp. 2d at 934-35 (granting defendant's motion *in limine* as to evidence of non-similarly situated employees, where such employees did not hold the same position as the plaintiff and did not work under the same supervisor).

3

As Defendants assert, if Anderson were allowed to present evidence concerning Loveless and his 2010 settlement, then Defendants would present evidence that Loveless was not similarly situated, which would create a trial within a trial. It is important to remember that the sole issue before the jury is whether the VA's decision to deselect Anderson in 2012 was based on racial animus or was in retaliation for filing a charge of discrimination. Anderson may not at this juncture attempt to litigate the terms of his 2009 settlement agreement, as this would likely result in confusion of the issues by the jury, mini-trials, and a waste of judicial resources. *See, e.g., Soller v. Moore*, 84 F.3d 964, 968 (7th Cir. 1996) (recognizing the need to prevent a "trial within a trial"); *Sims v. Mulcahy*, 902 F.2d 524, 531 (7th Cir. 1990) ("Exclusion of evidence under Rule 403 is . . . important to avoid significant litigation on issues that are collateral to those required to be tried."). In short, the little probative value of Loveless's 2010 settlement agreement is substantially outweighed by the risk of jury confusion and that the case will devolve into mini-trials concerning the particular circumstances of Loveless's 2010 settlement and Anderson's 2009 settlement. Fed. R. Civ. P. 403. Accordingly, Defendants' motion *in limine* will be GRANTED as to testimony and evidence regarding Loveless's settlement agreement.

### B. Evidence of the VA's 2015 Vacancy

Next, Defendants argue that the Court should exclude evidence that the VA posted a vacancy for an air-conditioning mechanic from March 23, 2015, to April 10, 2015, which was open to internal personnel only. Anderson responds that the VA posted this position only internally even after the time period for doing so required by the collective bargaining agreement had expired, and thus, the general public was never given an opportunity to apply for this position, which violates the VA's policy. (DE 63 at 3-4). Anderson contends that this 2015

4

internal-only posting provides "context" for the decision to deselect him in 2012. (DE 63 at 3-4).

The Court agrees with Defendants that this evidence should be excluded. The sole issue before the jury is whether the VA's decision to deselect Anderson in 2012 was based on racial animus or was in retaliation for filing a charge of discrimination. That three years after the adverse employment action in this case, the VA posted an air-conditioning mechanic position only internally in violation of its own policy simply bears little, if any, relevance on the issue in this case. Admission of this evidence would confuse the jury and needlessly expand the length of the trial. Therefore, the probative value of this evidence is substantially outweighed by the danger of confusion of the issues, misleading the jury, and waste of judicial time. *See* Fed. R. Evid. 403; *see, e.g.*, *Gage*, 365 F. Supp. 2d at 932-33 (excluding certain evidence of events occurring after the adverse employment action as irrelevant). Accordingly, Defendants' motion *in limine* will be GRANTED as to the 2015 air-conditioning mechanic posting.

### C. *Evidence of Front Pay and Back Pay Damages*

Defendants argue that the Court should exclude all evidence of alleged front pay and back pay damages because these are issues reserved for a judge and could confuse the jury. *See* 42 U.S.C. § 2000e-5(g)(1). The Court will allow this evidence to be presented to the jury, but any verdict by the jury on this issue will only be advisory. Therefore, Defendants' motion will be DENIED with respect to this evidence.

### D. *Evidence of Punitive Damages*

Anderson and Defendants agree that evidence of punitive damages should be excluded. Therefore, Defendants' motion will be GRANTED with respect to this evidence.

### III. ANDERSON'S MOTION *IN LIMINE*

Anderson argues that the Court should exclude evidence related to the Equal Employment Opportunity Commission's final decision on his 2009 complaint. Defendants respond that they do not intend to present any evidence of that issue at trial. Accordingly, Anderson's motion will be GRANTED.

### IV. CONCLUSION

For the foregoing reasons, Defendants' motion *in limine* (DE 61) is DENIED to the extent that the Court will allow the jury to hear evidence regarding Anderson's alleged back pay and front pay damages. Defendants' motion *in limine* (DE 61) is otherwise GRANTED. Anderson's motion *in limine* (DE 58) is GRANTED.

It is therefore ORDERED that counsel, those acting on behalf of the parties, and any witnesses shall not refer to the matters excluded pursuant to this Opinion and Order, either directly or indirectly, during voir dire, opening statements, interrogation of witnesses, objection, arguments, closing statements, or otherwise, without first obtaining permission of the Court outside the presence or hearing of the jury. Counsel are further ORDERED to warn and caution each and every one of their witnesses to strictly follow these instructions.

SO ORDERED.

Entered this 18th day of January 2018.

/s/ Susan Collins
Susan Collins
United States Magistrate Judge